HASSARD BONNINGTON LLP
THOMAS M. FRIEDER, ESQ., State Bar No. 95411
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3941
Telephone: (415) 288-9800
Fax: (415) 288-9801
Email: tmf@hassard.com

Attorneys for Defendants
C.R. BARD, INC. and DAVOL, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| SUE DIVJAK and JAY CHILDS,<br><br>Plaintiffs,<br><br>vs.<br><br>C.R. BARD, INC., and DAVOL INC.; and DOES 1 through 100 inclusive,<br><br>Defendants. | No.<br><br>**NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL** |

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant C.R. Bard, Inc. ("Bard") and Defendant Davol Inc. ("Davol"), with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby remove the above-captioned action from the Superior Court in and for Stanislaus County, California, to this Court. In support of removal, Defendants state as follows:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. Plaintiffs commenced this action with their Complaint filed in Stanislaus County Superior Court on or about May 30, 2007. Bard was served with the

Complaint on July 2, 2007. Davol was served with the Complaint on July 3, 2007.

2. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants (including Plaintiffs' Complaint) is attached hereto as Exhibit A.

3. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Superior Court in and for Stanislaus County, California, where Plaintiffs' Complaint is pending. *See* 28 U.S.C. § 84(b).

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Bard, through service, of Plaintiffs' Complaint, which sets forth the bases for removal.

5. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the clerk of the Superior Court in and for Stanislaus County, California, where Plaintiffs' Complaint is pending. Copies of this Notice of Removal and the written notice of same provided to the state court are also being served upon Plaintiffs' counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

6. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiffs and Bard and Davol. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A. The Amount-In-Controversy Requirement Is Satisfied

7. Although Defendants deny Plaintiffs' claims, and although Plaintiffs' Complaint expressly seeks damages only "in a sum unknown at this time" (Compl. ¶ 20), Defendants believe in good faith that more than $75,000 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. §

1332(a) has been met. Plaintiffs' claims sound in product liability and seek recovery for personal injuries allegedly caused by a defective medical device, a Composix® Kugel® hernia repair patch, that was manufactured and sold by Defendants and used in conjunction with Plaintiff Sue Divjak's hernia repair. (*See id.* ¶¶ 1, 11.) Plaintiffs allege that due to Ms. Divjak's use of the Composix® Kugel® Patch she "sustained and continues to sustain severe personal injuries, pain, suffering and emotional distress." (*Id.* ¶ 18.) Ms. Divjak's "injuries [allegedly] include multiple additional surgeries due to the defect in the [product]." (*Id.* ¶ 11.) Ms. Divjak's husband, Plaintiff Jay Childs, asserts a claim for loss of consortium as a result of his wife's alleged injuries. (*Id.*) Plaintiffs also allege that they "have incurred, and will continue to incur, medical and hospital expenses" (*id.* ¶ 19), and that Ms. Divjak "has suffered a loss of future earning capacity, as well as back wages." (*Id.* ¶ 20.) In addition, Plaintiffs seek punitive damages. (*Id.* ¶ 53.)

8. The amount-in-controversy requirement is met here because the severity of the injuries alleged in Plaintiffs' Complaint, in combination with Plaintiffs' compensatory and punitive damages allegations, make it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 221 (D.N.H. 2004) (denying remand where, "[o]bjectively viewed, [the plaintiff's] claims for her [injuries] and the loss of consortium and emotional distress . . . could be valued at $75,000 or more").

9. Likewise, federal courts in analogous cases have held that the amount-in-controversy threshold is met because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001).

10. In addition, a number of other plaintiffs have brought similar product liability actions against Davol and Bard in federal court, thus specifically pleading an amount-in-controversy in excess of $75,000. *See In re Rezulin*, 133 F.

Supp. 2d at 295-96 (looking to other suits involving the same product to resolve amount-in-controversy inquiry); *and see, e.g., Cavazos v. C.R. Bard, Inc. and Davol Inc.*, No. 07-CV-1394 (S.D. Tex . filed Apr. 24, 2007) (Ex. B); *Montgomery v. Davol Inc. and C.R. Bard, Inc.*, No. 3:07-CV-176 (N.D. Fla. filed Apr. 20, 2007) (Ex. C); *see also Poston v. Davol*, No. 06AS04935 (originally filed in Sacramento County Superior Court Nov. 15, 2006, and alleging damages "in the amount of $1,000,000,000"; plaintiff subsequently indicated there had been a clerical error, and the intended allegation was $1,000,000) (Ex. D).

**B. The Parties Are Completely Diverse**

11. On information and belief, Plaintiffs are residents and citizens of California. (*See* Compl. ¶ 11.)

12. Bard is, and has been at all relevant times, a corporation organized under the laws of New Jersey with its principal place of business in New Jersey. Accordingly, Bard is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

13. Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

14. "DOES 1 through 100" are named and sued fictitiously, and consequently their citizenship is disregarded for purposes of determining this Court's diversity jurisdiction. *See* 28 U.S.C. § 1441(a).

WHEREFORE, Defendant C.R. Bard, Inc. and Defendant Davol Inc. respectfully remove this action from the Superior Court in and for Stanislaus County, California, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

///

Dated: July 20, 2007

Respectfully submitted,

HASSARD BONNINGTON LLP

BY: /S/ Thomas M. Frieder
Thomas M. Frieder
Attorneys for defendants
C.R. BARD, INC. and
DAVOL, INC.

**DEMAND FOR JURY TRIAL**

Defendants C.R. Bard, Inc. and Davol, Inc. hereby demand that this action and all issues present be tried by a jury.

Date: July 20, 2007

/S/ Thomas M. Frieder
Thomas M. Frieder
Attorneys for defendants
C.R. BARD, INC. and
DAVOL, INC.

**PROOF OF SERVICE**
(C.C.P. §§ 1013, 1013a, 2015.5)

| | |
|---|---|
| **Case Name:** | **SUE DIVJAK and JAY CHILDS vs. C.R. BARD, INC. and DAVOL, INC., et al.** |
| **Court:** | **United States District Court<br>Eastern District of California** |
| **Case No.:** | |

1. At the time of service I was over 18 years of age and not a party to this action.

2. My business address is Two Embarcadero Center, Suite 1800, San Francisco, CA 94111.

3. On **July 20, 2007**, I served the following documents:

**NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL**

4. I served the documents on the **persons** below as follows:

Lawrence S. Paikoff, M.D., J.D.
Rodney A. Klein, Esq.
2300 Bell Executive Lane
Sacramento, CA 95825

5. The documents were served by the following means (specify):

____ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening. The time of service was _________.

__X__ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

____ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

____ **By messenger service**. I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

____ **By fax transmission.** I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used.

____ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: **July 20, 2007**

Esther Hom

____ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

____ **By fax transmission.** I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used.

____ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: **July 20, 2007**

Esther Hom

Esther Hom

# EXHIBIT A

RODNEY A. KLEIN, ESQ. CA BAR #035541
LAWRENCE S. PAIKOFF, M.D., J.D. CA BAR #191732
2300 Bell Executive Lane
Sacramento, California 95825
(916) 929-6000

Attorney for Plaintiff

FILED
2007 MAY 30 PM 3:08
CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS

IN THE SUPERIOR COURT OF CALIFORNIA,

FOR THE COUNTY OF STANISLAUS

| | |
|---|---|
| SUE DIVJAK and JAY CHILDS,<br><br>Plaintiffs,<br><br>vs.<br><br>C.R. BARD, INC., DAVOL, INC.; and DOES 1 through 100 inclusive<br><br>Defendants. | CASE NO. 615808<br><br>COMPLAINT FOR DAMAGES FOR PRODUCTS LIABILITY,<br><br>DEMAND FOR JURY TRIAL<br>1. Strict Liability-Manufacturing Defect<br>2. Strict Liability-Failure to Warn<br>3. Negligent Manufacturing<br>4. Negligent Failure to Warn<br>5. Negligence Per Se<br>6. Breach of Implied Warranty<br>7. Breach of Express Warranty<br>8. Deceit by Concealment<br>9. Negligent Misrepresentation<br>10. Loss of Consortium |

## INTRODUCTION

This case involves the surgical mesh know as the Bard Composix Kugel Hernia Patch (herein after the "mesh"), which was designed, manufactured, sold, distributed and promoted by defendants for surgical implantation. The defects include a defect in the memory recoil ring, which caused the ring to break and damage abdominal structures as occurred with the Plaintiff. The Food and Drug Administration recalled much of this "mesh" starting in December 2005 due to dangerous defects that caused serious harm to individuals, including the Plaintiffs, SUE DIVJAK

and her husband JAY CHILDS.

## GENERAL ALLEGATIONS

1. This action for personal injuries and damages is brought on behalf of Plaintiff, SUE DIVJAK who was implanted with the "mesh", as tested, studied, researched, evaluated, endorsed, designed, formulated, compounded, manufactured, produced, processed, assembled, inspected, distributed, marketed, labeled, promoted, packaged, advertised for sale, prescribed or otherwise placed in the stream of interstate commerce by Defednants, C.R. BARD, INC., DAVOL, INC. and DOES 1 through 100.

2. The true names or capacities, whether individual, corporate, or otherwise, of Defendants, DOES ONE through ONE HUNDRED, Inclusive, are unknown to Plantiff who therefore sues said Defendants by such fictitious names. Plaintiff believes and alleges that each of the Defendants designated herein by fictitious names is in some manner legally responsible for the events and happenings herein referred to, and caused damages proximately and foreseeably to Plaintiff as alleged herein.

3. At all times herein mentioned, "Defendants" include all named herein as well as Defendants DOES 1 through 100.

4. At all times herein mentioned, each of the Defendants was the agent, servant, partner, aider, and abettor, co-conspirator, and joint venturer of each of the remaining Defendants herein and were at all times operating and acting within the purpose and scope of said agency, service, employment partnership, conspiracy and joint venture and rendered substantial assistance and encouragement to the other Defendants, knowing that their conduct constituted a breach of duty.

5. There exists, and at all times herein mentioned, there existed, a unity of interest in ownership between certain Defendants and other certain Defendants such that any individuality and separateness between the certain Defendants has ceased and these Defendants are the alter-ego of the other certain Defendants and exerted control over those Defendants. Adherence to the fiction of the separate existence of these certain Defendants as an entity distinct from other certain Defendants will permit an abuse of the corporate privilege and would sanction fraud and would promote injustice.

6. The injuries of Plaintiff were caused by the wrongful acts, omissions, and fraudulent

misrepresentations of Defendants, all of which occurred within the State of California.

7. At all times herein mentioned, the Defendants, and each of them, were engaged in the business of, or were successors in interest to, entities engaged in the business of reasearch, licensing, designing, formulating, testing, manufacturing, producing, processing, assembling, inspecting, distributing, marketing, labeling, promoting, packaging and/or advertising for sale or selling, the "mesh".

8. At all times herein mentioned, the Defendants, and each of them, were authorized to do business and were doing business within the State of California and did in fact supply the aforementioned products within the State of California.

9. At all times herein mentioned, the officers and directors of the Defendants named herein participated in, authorized and directed the production and promotion of the aforementioned product when they knew, or with the exercise of reasonable care should have know, of the hazzards and dangerous propensities of said product and thereby actively participated in the tortious conduct which resulted in the physical injuries described herein.

10. At all times herein mentioned, the Distributor Defendants herein, and each of them, were engaged in the business of distributing, supplying and selling the "mesh".

## THE PARTIES

The Plaintiffs

11. Plaintiffs, SUE DIVJAK and JAY CHILDS, reside in Stanislaus County, California. SUE DIVJAK was implanted with the "mesh" in October 2004 and was injured as a result. The injuries include multiple additional surgeries due to the defect in the "mesh". JAY CHILDS, SUE DIVJAK'S husband, has loss of consortium injuries in this matter. Plaintiff, SUE DIVJAK, had the mesh removed June 1, 2005, and only learned recently, (less than one month ago) that she had received the defective mesh. (recalled)

12. C.R. BARD, INC., is the manufacturer of the "mesh", and its principle place of business is in Murray Hill, New Jersey. DAVOL INC., is the co-manufacturer and/or distributor of the "mesh" and its principle place of business is Cranston, Rhode Island. Defendants continue to conduct distribution and sales business within the State of California and, more specifically, within the geographic jurisdiction of this Court. At all times relevant hereto, Defendants were,

engaged in the business of licensing, designing, manufacturing, distributing and selling, either directly or indirectly, through third parties or related entities, the "mesh". Plaintiffs allege on information and belief that Defendants do business in California and this County and at all times relevant hereto it developed, manufactured, and sold in interstate commerce and in California and this County, the aforementioned "mesh".

Other Defendants

13. Defendant Does 1 through 100 are corporations, partnerships or other business entities licensed to do business in the State of California.

**FIRST CAUSE OF ACTION**

(Strict Liability - Manufacturing Defect)

14. Plaintiff incorporates by reference herein Paragraphs 1 through 6 as though fully set forth herein.

15. The "mesh" previously described was defective at the time of its manufacture, development, production, testing, inspection, endorsement, sale and distribution, in that, and not by way of limitation, said "mesh" was defective due to a faulty recoil ring, as set forth above, and the "mesh" differs from Defendants' intended result and differs from apparently identical products from the same Defendant.

16. At all times herein mentioned, the "mesh" was defective, and Defendants knew that the "mesh" was to be used by the user without inspection for defects therein. Moreover, Plaintiffs neither knew, nor had reason to know at the time of the use of the subject product, of the existence of the aforementioned defects.

17. As a result of the defective condition of the aforementioned "mesh" Plaintiffs suffered injuries and damages as alleged herein.

18. As a direct and proximate result of the implantation of the "mesh", Plaintiffs sustained and continues to suffer severe personal injuries, pain, suffering and emotional distress. As a result thereof, Plaintiffs have sustained and will continue to sustain damages in an amount unknown at this time. Such amounts will be shown according to proof at trial.

19. As a direct and proximate result of the implantation of the defective "mesh", Plaintiffs have incurred, and will continue to incur, medical and hospital expenses in an amount unknown

at this time. Such amounts will be shown according to proof at trial.

20. As a direct and proximate result of the implantation of the defective "mesh", Plaintiff has suffered a loss of future earning capacity, as well as back wages, in a sum unknown at this time. Such amounts will be shown according to proof at trial.

## SECOND CAUSE OF ACTION

(Strict Liability - Failure to Warn)

21. Plaintiff incorporates by reference herein Paragraphs 1 through 23 as though full set forth herein.

22. The "mesh" was defective at the time of its manufacture, development, production, testing, inspection, endorsement, sale and distribution, in that, and not by way of limitation, said "mesh" and its warnings, instructions and directions failed to warn of the dangerous propensities of said "mesh", which risks were known or reasonably scientifically knowable to Defendants. Defendants knew or should have known of the defective condition, characteristics and risks associated with said "mesh", as previously set forth herein.

23. At all times herein mentioned, the aforementioned "mesh" was defective, and Defendants knew that the "mesh" was to be used by the user without inspection for defects therein. Moreover, Plaintiff neither knew, nor had reason to know at the time of the use of the subject "mesh", of the existence of the aforementioned defects.

24. As a result of the defective condition of the aforementioned "mesh", Plaintiff suffered injuries and damages as alleged herein, and as described in paragraphs 21-23 above.

## THIRD CAUSE OF ACTION

(Negligent Manufacturing)

25. Plaintiff incorporates by reference herein Paragraphs 1 through 27 as though fully set forth herein.

26. At all times herein mentioned, the subject "mesh" was reasonably certain to be dangerous if negligently made, and Defendants had a duty to exercise reasonable care in the design, manufacture, testing and inspection of the "mesh" so that the "mesh" would be safely used in a manner and for a purpose for which it was made.

27. At all times herein mentioned, Defendants negligently and carelessly tested, studied,

researched, evaluated, endorsed, manufactured, designed, formulated, produced, processed, assembled, inspected, distributed, marketed, labeled, packaged, prepared for use and sold the aforementioned "mesh".

28. As a result of said negligence and carelessness Defendants, Plaintiffs suffered injuries and damages as alleged herein, and as described in paragraphs 21 - 23.

FOURTH CAUSE OF ACTION

(Negligent Failure to Warn)

29. Plaintiff incorporates by reference herein Paragraphs 1 through 31 as though fully set forth herein.

30. At all times herein mentioned, Defendants knew or had reason to know that the subject "mesh" was dangerous or likely to be dangerous for the use for which it was supplied, and Defendants had a duty to use reasonable care to give warning of the dangerous condition of the "mesh" or of facts which made it likely to be dangerous to those whom Defendants should have expected to use the "mesh" or be endangered by its probable use. Moreover, Defendants had reason to believe that users of the "mesh" would not realize its dangerous condition.

31. At all times herein mentioned, Defendants negligently and carelessly failed to adequately warn of the aforementioned dangerous condition of the "mesh", and the risks and dangers of the aforementioned "mesh".

32. As a result of said negligence and carelessness of Defendants, Plaintiffs suffered injuries and damages as alleged herein, and as described in paragraphs 21-23, above.

FIFTH CAUSE OF ACTION

(Negligence Per Se)

33. Plaintiff incorporates by reference herein Paragraphs 1 through 35 as though fully set forth herein.

34. At all times herein mentioned, Defendants had an obligation not to violate the law, in the manufacture, design, formulation, testing, production, processing, assembly, inspection, research, distribution, marketing, labeling, packaging, preparation for use, sale and warning of the risks and dangers of the aforementioned "mesh".

35. Upon information and belief, Plaintiffs allege that Defendants violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301, *et seq.*, related amendments and codes, federal regulations promulgated thereunder, and other applicable state and federal laws.

36. Plaintiff, as a purchaser and consumer of the "mesh", is within the class of persons the statutes are designed to protect, and Plaintiff's injuries are the type of harm these statutes are designed to prevent. Injuries due to (1) the failure to adequately warn of known or reasonably knowable defect and (2) the failure to disclose all adverse events or adverse event reports, are the types of harm these statutes are designed to prevent.

37. Defendants failed to meet the standard of are set by the foregoing statutes and regulations, which were intended for the benefit of individuals such as Plaintiff, making Defendant negligent per se.

38. As a direct and legal result of Defendant's violations of the statutes described above, Plaintiff suffered injuries and damages as alleged herein, and as described in paragraphs 21-23 above.

**SIXTH CAUSE OF ACTION**

(Breach of Implied Warranty)

39. Plaintiff incorporated by reference herein Paragraphs 1 though 41 as though fully set forth herein.

40. Prior to the time that the aforementioned "mesh" was used by Plaintiff, Defendants impliedly warranted to Plaintiff and Plaintiff's agent and physicians that said "mesh" was of merchantable quality and safe and fit for the use for which it was intended.

41. Plaintiff was and is unskilled in the research, design and manufacture of the aforementioned "mesh" and reasonably relied entirely on the skill, judgement and implied warranty of Defendants using the aforementioned "mesh".

42. The aforementioned "mesh" was neither safe for its intended use nor of merchantable quality, as warranted by Defendants, in that it had a dangerous propensities when put to its intended use and would cause severe injuries to the user.

43. Defendants, by selling, delivering and/or distributing the defective "mesh" to Plaintiff breached the implied warranty of merchantability and fitness and caused the Plaintiff to suffer,

severe pain and emotional distress, incur medical expenses and incur a loss of earning capacity.

44. As a result of the aforementioned breach of implied warranties by Defendants, Plaintiff suffered injuries and damages as alleged herein, and as described in paragraphs 21-23, above.

SEVENTH CAUSE OF ACTION

(Breach of Express Warranty)

45. Plaintiff incorporates by reference herein Paragraphs 1 through 47 as though fully set forth herein.

46. At all times herein mentioned, Defendants expressly warranted to Plaintiff and Plaintiff's agents and physicians, by and through statements made by Defendants or their authorized agents or sales representatives, orally and in publications, package inserts and other written materials intended for physicians, medical patients and the general public, that the aforementioned "mesh" was safe, effective, fit and proper for its intended use.

47. In utilizing the aforementioned "mesh", Plaintiff relied on the skill, judgement, representations and foregoing express warranties of Defendants. Said warranties and representations were false in that the aforementioned "mesh" was not safe and was unfit for the uses for which it was intended.

48. As a result of the foregoing breach of express warranties by Defendants, Plaintiff suffered injuries and damages as alleged herein, and as described in paragraphs 21 - 23, above.

EIGHTH CAUSE OF ACTION

(Deceit by Concealment)

49. Plaintiff incorporates by reference herein Paragraphs 1 through 51 as though fully set forth herein.

50. Defendants, from the time that the aforementioned "mesh" was first tested, studied, researched, evaluated, endorsed, manufactured, marketed and distributed, and up to the present, willfully deceived Plaintiff by concealing from the Plaintiff, Plaintiff's physicians and the general public, the true facts concerning said "mesh", which Defendants had a duty to disclose.

51. At all times herein mentioned, Defendants promoted the sale of the aforementioned "mesh" and willfully deceived Plaintiff, Plaintiff's physician and the general public as to the health risks and consequences of the use of the aforementioned "mesh". Defendants were aware

of the foregoing, and that the aforementioned "mesh" was not safe, fit and effective for implantation into the human body, the use of said "mesh" was hazardous to health, and said "mesh" had a serious propensity to cause serious injury to users, including but not limited to the injuries suffered by Plaintiff delineated herein.

52. Defendants intentionally concealed and suppressed the true facts concerning said "mesh" with the intent to defraud Plaintiff, in that Defendants knew that Plaintiff's physicians would not utilize the subject "mesh", and Plaintiff would not have received the subject "mesh" if, Plaintiff and Plaintiff's physicians had been aware of the true facts concerning the dangers of said "mesh".

53. As a result of the foregoing fraudulent and deceitful conduct by Defendant, Plaintiff has suffered injuries and damages as alleged herein, and as described above, and is deserving of punitive damage against Defendants, as well as the damages described in paragraphs 21 - 23, above.

## NINTH CAUSE OF ACTION

(Negligent Misrepresentation)

54. Plaintiff incorporated by reference herein Paragraphs 1 through 56 as though fully set forth herein.

55. Defendants, from the time that the aforementioned "mesh" was first tested, studied, researched, evaluated, endorsed, manufactured, marketed and distributed, and up to the present, made false representations, as previously set forth herein, to Plaintiff, Plaintiff's physicians and the general public, including but not limited to the misrepresentation that said "mesh" was safe, fit and effective for implantation into humans. At all times herein mentioned, Defendants promoted the sale of the aforementioned "mesh" and willfully deceived Plaintiff, Plaintiff's physicians and the general public as to the health risks an consequences of the use of the "mesh".

56. Defendants made the foregoing representations without any reasonable ground for believing them to be true. These representations were made directly by Defendants, by sales representative and other authorized agents of Defendants, and in publications and other written materials directed to physicians, medical patients and the public, with the intention of inducing reliance and the purchase and use of the subject "mesh".

57. The foregoing representations by the Defendants were in fact false, in that the aforementioned "mesh" was not safe, fit and effective for implantations. In fact, the use of said "mesh" is hazardous to health, and said "mesh" has a serious propensity to cause serious injuries to users, including but not limited to the injuries suffered by Plaintiff as delineated herein.

58. The foreging representations by Defendants were made with the intention of inducing reliance and the purchse and use of the "mesh".

59. In reliance on the misrepresentations by Defendants, Plaintiff was induced to purchase the "mesh" and have it implanted. If Plaintiff had known of the true facts and the facts concealed by Defendants, Plaintiff would not have used the subject "mesh". The reliance of Plaintiff upon Defendants misrepresentations was justified because such misrepresentations were made and conducted by individuals and entities who were in a position to know the true facts.

63. As a result of the foregoing negligent misrepresentations by Defendant, Plaintiff suffered injuries and damage as alleged herein, and as described in paragraphs 21 - 23, above.

## TENTH CAUSE OF ACTION

(Loss of Consortium - Against All Defendants)

64. Plaintiff incorporates by reference herein Paragraphs 1 through 63 as though fully set forth herein.

65. This cause of action is brought on behalf of the Plaintiff, JAY CHILDS, who is the spouse of the Plaintiff, SUE DIVJAK, who was implanted with the subject "mesh". By reason of the injuries sustained by Plaintiff's spouse, the Plaintiff has been and will continue to be deprived of consortium, society, comfort, protection and service, thereby causing and continuing to cause said Plaintiff grief, sorrow, mental anguish, emotional distress and pain and suffering.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. For general damages in a sum to be ascertained;
2. For medical surgical, hospital, and incidental expenses according to proof;

3. For loss of earnings, loss of earning capacity, and related economic losses according to proof;

4. For damages for the sake of example and by way of punishing the defendants;

5. For prejudgment interest according to law;

6. For prejudgment attachment according to law;

7. For attorneys fees according to law;

8. For costs of suit; and,

9. For such other and further relief as is proper.

Dated: 5/23/07

BY: Lawrence Paikoff

Rodney A. Klein, CA BAR #035541
Lawrence S. Paikoff, CA BAR #191732
Attorney(s) for Plaintiff(s)

7005 3110 0004 1334 0671

JUSTICE MATTERS

U.S. POSTAGE PITNEY BOWES
1100 PB3504576
9254 $06.110 JUN 27 2007
7684 MAILED FROM ZIP CODE 95825

FIRST CLASS

LAW OFFICES OF
**LAWRENCE S. PAIKOFF**
2300 BELL EXECUTIVE LANE
SACRAMENTO, CALIFORNIA 95825-4068

RECEIVED
JUL 02 2007
C.R. BARD, INC.
LAW DEPT

RETURN RECEIPT REQUESTED

C.R. Bard, Inc.
Stephen J. Long
730 Central Ave.
Murray Hill, NJ 07974

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
07/03/2007
Log Number 512370683

RECEIVED
JUL 05 2007
C.R. BARD, INC.
LAW DEPT

**TO:** Stephen Long, General Counsel
C. R. Bard, Inc.
730 Central Avenue
New Providence, NJ, 07974

**RE:** **Process Served in Rhode Island**

**FOR:** Davol Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Sue Divjak and Jay Childs, Pltfs. vs. C.R. Bard, Inc. and Davol, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Notice of Case Management Conference, Attachment, Civil Case Cover Sheet, Summons, Proof of Service of Summons, Notice and Acknowledgment of Receipt, Complaint, Self-Addressed Stamped Envelope |
| **COURT/AGENCY:** | Superior Court of California, County of Stanislaus, CA<br>Case # 615808 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Failure to Warn, Negligent Manufacturing, Negligent Failure to Warn, Negligence Per Se, Breach of Implied Warranty, Breach of Express Warranty, Deceit by Concealment, Negligent Representation, Loss of Consortium; pertaining to Composix Kugel Mesh Patch inserted on 10/2004 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Providence, RI |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/03/2007 postmarked on 06/27/2007 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 Days - exclusive of day of service |
| **ATTORNEY(S) / SENDER(S):** | Robert A. Klein, Esq.<br>Law Offices of Lawrence S. Paikoff<br>2300 Bell Executive Lane<br>Sacramento, CA, 95825-4068<br>916-929-6000 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790284390815 |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 10 Weybosset Street - 9th Floor<br>Providence, RI, 02903 |
| **TELEPHONE:** | 401-861-7400 |

Page 1 of 1 / JC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

FROM: Joanne Casale (401)861-7400
Rhode Island CT Reps
10 Weybosset Street - 9th Floor

Providence, RI 02903

TO: **Stephen Long (908)277-8267**
**C. R. Bard, Inc.**
**730 Central Avenue**

**New Providence, NJ 07974**

Ref: SOP/0621800/512370663/Joanne Casale

DELIVERY ADDRESS (FedEx-EDR)

FedEx Revenue Barcode

CAD#: 6283189
SHIP DATE: 03JUL07
WEIGHT: 1 LB

** 2DAY **

FRI
A1
Deliver by:
06JUL07

TRK # 7902 8439 0816

FORM
0201

EWR

**07974** -NJ-US

# SB KBCA

CLS052007