HASSARD BONNINGTON LLP
THOMAS M. FRIEDER, ESQ., State Bar No. 95411
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3941
Telephone: (415) 288-9800
Fax: (415) 288-9801
E-Mail: tmf@hassard.com

Attorneys for Defendants
C.R. BARD, INC. and DAVOL, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| SUE DIVJAK AND JAY CHILDS,<br>Plaintiffs,<br>vs.<br>C.R. BARD, INC., and DAVOL, INC., and DOES 1 through 100 inclusive,<br>Defendants. | No. 1:07-cv-01046-OWW-SMS<br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL, INC.** |

Defendant C.R. Bard, Inc. ("Bard") and Defendant Davol Inc. ("Davol"), by and through counsel of record, hereby answer Plaintiffs' Complaint, paragraph by paragraph, as follows.

**General Allegations**

1. To the extent the allegations in Paragraph 1 apply to Bard, Bard denies those allegations. Davol admits that it designed, manufactured, and sold various versions of the Composix® Kugel® Hernia Patch as approved by the FDA for use by physicians in accordance with its instructions for use. Davol denies each and every other allegation in Paragraph 1.

2. Paragraph 2 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required,

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 and therefore deny the same.

3. Paragraph 3 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 and therefore deny the same.

4. To the extent the allegations in Paragraph 4 apply to Bard and Davol, Defendants deny each and every allegation in Paragraph 4. To the extent the allegations in Paragraph 4 apply to other parties, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 and therefore deny the same.

5. To the extent the allegations in Paragraph 5 apply to Bard and Davol, Defendants deny each and every allegation in Paragraph 5. To the extent the allegations in Paragraph 5 apply to other parties, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 and therefore deny the same.

6. To the extent the allegations in Paragraph 6 apply to Bard and Davol, Defendants deny each and every allegation in Paragraph 6. To the extent the allegations in Paragraph 6 apply to other parties, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 and therefore deny the same.

7. To the extent the allegations in Paragraph 7 apply to Bard, Bard denies those allegations. Davol admits that it designed, manufactured, and sold various versions of the Composix® Kugel® Hernia Patch as approved by the FDA for use by physicians in accordance with its instructions for use. Davol denies each and every other allegation in Paragraph 7.

///

///

8. Bard and Davol admit that they have conducted business throughout the United States, including California. Defendants deny each and every remaining allegation in Paragraph 8.

9. To the extent the allegations in Paragraph 9 apply to Bard and Davol, Defendants deny each and every allegation in Paragraph 9.

10. Paragraph 10 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 and therefore deny the same.

**The Parties**

11. Paragraph 11 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants state they are informed and believe that Plaintiffs reside in the State of California, and as to the remaining allegations, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 and therefore deny the same.

12. To the extent the allegations in Paragraph 12 apply to Bard, Bard admits that its principal place of business is in New Jersey. Bard denies each and every remaining allegation in Paragraph 12. To the extent the allegations in Paragraph 12 apply to Davol, Davol admits that it designed, manufactured, and sold various versions of the Composix® Kugel® Hernia Patch as approved by the FDA for use by physicians in accordance with its instructions for use. Davol further admits that its principal place of business is in Rhode Island. Davol denies each and every other allegation in Paragraph 12.

13. Paragraph 13 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 and therefore deny the same.

**First Cause of Action – Strict Liability – Manufacturing Defect**

14. Defendants incorporate by reference herein their responses to each of the preceding Paragraphs of the Complaint.

15. Paragraph 15 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 15.

16. Paragraph 16 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 16.

17. Paragraph 17 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 17.

18. Paragraph 18 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 18.

19. Paragraph 19 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 19.

20. Paragraph 20 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 20.

**Second Cause of Action – Strict Liability – Failure to Warn**

21. Defendants incorporate by reference herein their responses to each of the preceding Paragraphs of the Complaint.

22. Paragraph 22 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 22.

///

23. Paragraph 23 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 23.

24. Paragraph 24 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 24.

**Third Cause of Action – Negligent Manufacturing**

25. Defendants incorporate by reference herein their responses to each of the preceding Paragraphs of the Complaint.

26. Paragraph 26 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 26.

27. Paragraph 27 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 27.

28. Paragraph 28 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 28.

**Fourth Cause of Action – Negligent Failure to Warn**

29. Defendants incorporate by reference herein their responses to each of the preceding Paragraphs of the Complaint.

30. Paragraph 30 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 30.

31. Paragraph 31 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 31.

///

32. Paragraph 32 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 32.

**Fifth Cause of Action – Negligence Per Se**

33. Defendants incorporate by reference herein their responses to each of the preceding Paragraphs of the Complaint.

34. Paragraph 34 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 34.

35. Paragraph 35 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 35.

36. Paragraph 36 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 36.

37. Paragraph 37 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 37.

38. Paragraph 38 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 38.

**Sixth Cause of Action – Breach of Implied Warranty**

39. Defendants incorporate by reference herein their responses to each of the preceding Paragraphs of the Complaint.

40. Paragraph 40 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 40.

41. Defendants deny each and every allegation in Paragraph 41.

42. Paragraph 42 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 42.

43. Paragraph 43 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 43.

44. Paragraph 44 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 44.

**Seventh Cause of Action – Breach of Express Warranty**

45. Defendants incorporate by reference herein their responses to each of the preceding Paragraphs of the Complaint.

46. Paragraph 46 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 46.

47. Defendants deny each and every allegation in Paragraph 47.

48. Paragraph 48 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 48.

**Eighth Cause of Action – Deceit by Concealment**

49. Defendants incorporate by reference herein their responses to each of the preceding Paragraphs of the Complaint.

50. Paragraph 50 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 50.

51. Paragraph 51 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 51.

52. Paragraph 52 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 52.

53. Paragraph 53 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 53.

**Ninth Cause of Action – Negligent Misrepresentation**

54. Defendants incorporate by reference herein their responses to each of the preceding Paragraphs of the Complaint.

55. Paragraph 55 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 55.

56. Paragraph 56 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 56.

57. Paragraph 57 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 57.

58. Paragraph 58 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 58.

59. Paragraph 59 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 59.

60. Paragraph 63 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 63.

///

**Tenth Cause of Action – Loss of Consortium**

63. Defendants incorporate by reference herein their responses to each of the preceding Paragraphs of the Complaint.

64. Paragraph 65 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 65.

**AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against either Bard or Davol upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment K, bar Plaintiffs' claims against Bard and Davol in whole or in part.

3. The doctrine(s) contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiffs' claims against Bard and Davol in whole or in part.

4. Applicable statutes of limitations and the doctrine of laches bar Plaintiffs' claims in whole or in part.

5. Plaintiffs', or their agents', including their physicians, misuse or abnormal use of the product or failure to follow instructions bar the Plaintiffs' claims in whole or in part.

6. If Plaintiffs used a product sold by Bard or Davol, then Plaintiffs' claims are barred, in whole or in part, because Plaintiffs assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

7. Any alleged negligent or culpable conduct of Bard or Davol, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiffs' alleged injuries.

8. Plaintiffs are responsible, in whole or in part, for any injuries they suffered as a result of their own negligence and their acts or omissions and their right to recover is diminished in an amount based upon their individual relative degree of fault.

9. If Plaintiffs used a product sold by Bard or Davol, Plaintiffs used the product for "off-label" purposes, which bars the Plaintiffs' claims.

10. The "learned intermediary" doctrine bars Plaintiffs' claims.

11. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

12. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

13. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of the Composix® Kugel® Hernia Patch.

14. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were the result of conduct of Plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiffs' pre-existing medical conditions.

15. If Plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Bard and Davol are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Bard or Davol. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiffs' alleged injury or damages.

16. Plaintiffs' claims are barred, in whole or in part, because

Plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiffs' own idiosyncratic reactions.

17. Plaintiffs failed to mitigate, which limits Plaintiffs' damages, if any, in whole or in part.

18. Plaintiffs' causes of action are barred in whole or in part by Plaintiffs' own contributory/comparative negligence.

19. If Plaintiffs have been injured or damaged, no injury or damages being admitted, a Bard or Davol product did not cause such injuries.

20. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Davol, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiffs may have suffered, if any.

21. Plaintiffs' purported cause of action for alleged strict liability is barred by virtue of the ruling of the California Supreme Court in Brown v. Superior Court (1988) 44 Cal. 3d 1049, and its progeny.

22. Plaintiffs' action herein is for alleged personal injury damages, and is based upon principles of alleged comparative fault and, accordingly, pursuant to the provisions of California Civil Code Section 1431, et seq., any purported liability of Bard or Davol, which is denied, shall be several only, and shall not be joint; Bard and Davol request a judicial determination of the amount of non-economic damages, if any, allocated to Bard and Davol, in direct proportion to Bard and Davol's respective percentages of fault, which is denied, and a separate judgment in conformance therewith.

23. Neither Bard nor Davol have any legal relationship or privity with Plaintiffs and owe no duty to Plaintiffs by which liability could be attributed to them.

24. Neither Bard nor Davol made any warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs. If any such warranties were made, whether express or implied, which Bard and Davol

specifically deny, then Plaintiffs failed to give notice of any breach thereof. Moreover, Bard and Davol effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

25. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars Plaintiffs' alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Bard and Davol's rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the due process guarantees embodied in the California constitution.

26. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the California constitution.

27. To the extent Plaintiffs' Complaint seeks punitive damages, such claims are barred because Plaintiffs have failed to allege conduct warranting the imposition of punitive damages under California and/or other applicable laws.

28. To the extent Plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

29. Plaintiffs' claims for alleged fraud, which are denied by Bard and Davol, are, in whole or in part, barred based on lack of any detrimental reliance by Plaintiffs.

///

30. Bard and Davol hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

**PRAYER**

1. Bard and Davol deny that they are responsible or liable for any alleged injuries or damages sustained by Plaintiffs.

2. Bard and Davol deny that they are responsible or liable for any medical or incidental expenses allegedly incurred by Plaintiffs.

3. Bard and Davol deny they are responsible or liable for Jay Childs' alleged loss of consortium.

4. Bard and Davol deny that they are responsible or liable for any lost earnings or earning capacity that Plaintiffs allege to have incurred as a result of the allegations contained in their Complaint.

5. Bard and Davol state that Plaintiffs are not entitled to any judgment against Bard or Davol for any purported injury or harm sustained by them as outlined in their Complaint, therefore Bard and Davol cannot be responsible or liable for any pre-judgment interest.

6. Bard and Davol deny that they are responsible or liable for any costs associated with Plaintiffs' lawsuit.

7. Bard and Davol assert that Plaintiffs are not entitled to any relief to any alleged injury or harm outlined in their Complaint. Further, Bard and Davol deny that they are responsible or liable for any relief that Plaintiffs may seek through this lawsuit.

WHEREFORE, Defendants Bard and Davol Inc. demand judgment in their favor and against Plaintiffs, dismissing Plaintiffs' Complaint with prejudice,

/ / /

together with the costs of suit and such other relief as the Court deems equitable and just.

Dated July 24, 2007

Respectfully submitted
HASSARD BONNINGTON LLP

By /S/ Thomas M. Frieder
Thomas M. Frieder
Attorney for Defendants
C. R. BARD, INC. and DAVOL, INC.

**PROOF OF SERVICE**
(C.C.P. §§ 1013, 1013a, 2015.5)

| | |
|---|---|
| **Case Name:** | **SUE DIVJAK and JAY CHILDS vs. C.R. BARD, INC. and DAVOL, INC., et al.** |
| **Court:** | **United States District Court Eastern District of California** |
| **Case No.:** | **1:07-cv-01046-OWW-SMS** |

1. At the time of service I was over 18 years of age and not a party to this action.
2. My business address is Two Embarcadero Center, Suite 1800, San Francisco, CA 94111.
3. On **July 25, 2007**, I served the following documents:

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL, INC.**

4. I served the documents on the **person(s)** below as follows:

Rodney A. Klein, Esq.
Rodney A. Klein Law Offices
2300 Bell Executive Lane
Sacramento, CA 95825

5. The documents were served by the following means (specify):

____ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening. The time of service was _________.

_X_ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

____ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

____ **By messenger service**. I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

____ **By fax transmission.** I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used.

____ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: **July 25, 2007**

Esther Hom

____ **By messenger service**. I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

____ **By fax transmission.** I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used.

____ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: **July 25, 2007**

Esther Hom